

**Lawrence M. Hadley**
T  310.553.3000
D  310.282.6235
lhadley@glaserweil.com

June 20, 2025

VIA CM/ECF

Jarrett B. Perlow
Clerk of the Court
United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Re:  *Ceiva Opco, LLC v. Amazon.com, Inc., No. 2024-1721*

Dear Mr. Perlow:

Ceiva Opco provides this response to Amazon's June 18, 2025, notice under FRAP 28(j) of *USAA v. PNC Bank*, Nos. 23-1639 & 23-1778 (Fed. Cir. June 12, 2025) (attached as Exhibits A and B to Amazon's notice).

Amazon asserts that the *USAA* cases "are relevant because Ceiva argues at both steps of the *Alice* test that industry praise for its commercial product shows that its claim are not abstract and inventive" but that under the USAA cases "the claims" and not "commercial embodiments or assertions about the unclaimed technology" determine patent eligibility.  In support, Amazon relies on two pages from the joint Appendix (Appx 8973-8974) and a page in the parties' briefing (*USAAII*, ECF No. 25 at 20) that the Court did not cite in either opinion.

That aside, Amazon's assertion about the relevance of the *USAA* cases misrepresents Ceiva's argument on appeal. Ceiva does not argue that its claims are patent eligible just because the commercial embodiment of its invention received industry praise.  Rather, Ceiva argues that its *claims*, as properly construed in light of the specification, are patent eligible because they recite an improved digital picture frame containing technological advances over not just conventional digital picture frames known at the time, but also over conventional web browsers and email—as demonstrated by extensive industry praise of its patented frame device.  *See* ECF No. 44 at 22-25, 45-49, 55-61; ECF No. 30 at 2, 4-5, 9-12, 18-22.

Sincerely,

Lawrence M. Hadley
of Glaser Weil Fink Howard Jordan & Shapiro LLP